IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MURL BULLOCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No. CIV-05-215-W |
| ) | |
| ERIC FRANKLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

The Petitioner, Mr. James Bullock, is a state inmate who seeks a writ of habeas corpus. The Court should deny the petition on grounds of procedural default.

## Background

Pursuant to a guilty plea, Mr. Bullock was convicted and sentenced in state court on a charge of attempt to jointly manufacture methamphetamine with others. *See* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 1 (Feb. 22, 2005) ("Petition"); *see also* Judgment and Sentence at p. 1, *State v. Bullock*, Case No. CF-02-581 (Okla. Co. Dist. Ct. Apr. 8, 2003). The state district court denied the Petitioner's motion to withdraw his guilty plea,[1] and the Oklahoma Court of Criminal Appeals denied *certiorari*.[2] Thereafter, Mr. Bullock unsuccessfully sought post-conviction

---

[1] Order Denying Withdrawing Plea of Guilty, *State v. Bullock*, Case No. CF-02-581 (Okla. Co. Dist. Ct. Apr. 16, 2003).

[2] Summary Opinion Denying Petition for Writ of Certiorari at pp. 1-2, *Bullock v. State*, Case No. C-2003-453 (Okla. Crim. App. Oct. 3, 2003).

relief in state district court,[3] and the Oklahoma Court of Criminal Appeals dismissed a subsequent appeal on grounds of timeliness.[4]

## **Procedural Default**

Mr. Bullock alleges ineffective assistance of counsel and a lack of probable cause. Petition at pp. 4-5, 6. These claims were initially raised in the Petitioner's application for post-conviction relief. *See* Order Denying Application for Post-Conviction Relief at p. 2, *Bullock v. State*, Case No. CF-02-581 (Okla. Co. Dist. Ct. Nov. 30, 2004). The Oklahoma Court of Criminal Appeals declined to review these claims, reasoning that the Petitioner's delay in filing his appeal had prevented appellate jurisdiction. Order Declining Jurisdiction and Dismissing Attempted Post-Conviction Appeal, *Bullock v. State*, Case No. PC-2005-24 (Okla. Crim. App. Jan. 20, 2005).

---

[3] *See* Order Denying Application for Post-Conviction Relief, *Bullock v. State*, Case No. CF-02-581 (Okla. Co. Dist. Ct. Nov. 30, 2004).

[4] Order Declining Jurisdiction and Dismissing Attempted Post-Conviction Appeal, *Bullock v. State*, Case No. PC-2005-24 (Okla. Crim. App. Jan. 20, 2005).

For this reason, Respondent Franklin argues that Mr. Bullock's habeas claims are subject to procedural default in this Court. Response to Petition for Writ of Habeas Corpus at pp. 3-8 (July 28, 2005).[5]  The undersigned agrees.[6]

I.  Standard for Procedural Default

Habeas relief is ordinarily prohibited if the same claim was procedurally barred in state court on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[7]  Two exceptions exist.

The first exception involves a showing of cause and prejudice related to the default. *See id.*  To show "cause", Mr. Bullock must allege an external impediment preventing compliance with the procedural rule. *Id.* at 753.

---

[5]  Previously, the undersigned had recommended denial of the Respondent's motion to dismiss for lack of exhaustion. Report and Recommendation, *passim* (June 16, 2005). The undersigned added that if Judge West were to adopt the report, he should issue a new referral for "further proceedings on the merits." *Id.* at p. 6. Mr. Bullock argues that because the Respondent did not object to the recommendation, he "waived [his] right to object to Petitioner's claims being heard on the merits." Petitioner's Traverse Reply to Respondent's Response to Petition for Writ of Habeas Corpus at p. 9 (Nov. 4, 2005) ("Petitioner's Reply"). In the earlier report, the undersigned simply suggested to the judge that he recommit the matter. This language did not affect the legal rights of either party.

[6]  Respondent Franklin also urges a procedural default based on a failure to raise the claims in the *certiorari* petition. Response to Petition for Writ of Habeas Corpus at pp. 8-14 (July 28, 2005). The Court need not address this issue. As discussed in the text, the habeas claims would have been subject to procedural default even if Mr. Bullock had "cause" for the omissions in his *certiorari* petition. *See infra* pp. 4-8.

[7]  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). For the state ground to be adequate, it must be "strictly or regularly followed" and "applied evenhandedly to all similar claims." *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (citations omitted).

The second exception involves a fundamental miscarriage of justice. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). To invoke this exception, Mr. Bullock must "supplement[] his constitutional claim with a colorable showing of factual innocence." *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted).

II.   Mr. Bullock's Procedural Default

Mr. Bullock's post-conviction appeal was dismissed because it had been untimely under Oklahoma Court of Criminal Appeals Rule 5.2(C)(2). Order Declining Jurisdiction and Dismissing Attempted Post-Conviction Appeal at p. 1, *Bullock v. State*, Case No. PC-2005-24 (Okla. Crim. App. Jan. 20, 2005). Timeliness under Rule 5.2(C) constitutes an independent and adequate state procedural ground barring federal habeas review. *See Bridgeforth v. Ward*, 88 Fed. Appx. 291, 295 (10th Cir. Jan. 22, 2004) (unpublished op.) ("We have previously held the thirty-day time limit in Rule 5.2(C) is an adequate state procedural rule barring federal habeas review" (citing *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998))). As a result, the procedural default doctrine prevents review of the Petitioner's habeas claims in the absence of cause and prejudice or a fundamental miscarriage of justice. *See supra* pp. 3-4.

III.   "Cause"

In his brief in support, Mr. Bullock blames his untimely filing on prison officials' delay in providing an *in forma pauperis* affidavit. Brief in Support of Writ of Habeas Corpus at pp. 1-2 (Mar. 11, 2005) ("Petitioner's Brief in Support"). In support, Mr. Bullock provides

a request to staff from January 3, 2005, requesting the *in forma pauperis* documentation. *Id.*, Exhibit 2.  But this request post-dates the deadline[8] and reflects Mr. Bullock's mistaken belief that his appeal was due on January 7, 2005.[9]

In his reply brief, the Petitioner shifts his excuse, blaming the lack of a notary public. For example, Mr. Bullock does not dispute that he had miscalculated the appeal due date. Petitioner's Reply at pp. 8-10.  Instead, Mr. Bullock claims that his appeal had been "completed" on December 27, 2004, and received by the appellate court on December 28, 2004. *Id.*  According to Mr. Bullock, the document would have been filed on December 28, 2004, but for the prison's delay in providing a notary. *Id.*  The Petitioner's evidence does not support his allegations.

Mr. Bullock claims that "Exhibit #13 shows that Petitioner's [Oklahoma Court of Criminal Appeals] appeal was completed on December 27, 2004 and given to JCCC Law Library supervisor, . . . the only available notary." *Id.* at p. 9.  But that document shows only that the Petitioner had requested disbursements for copies and a manila envelope on December 27, 2004.  *See id.* at Exhibit 13.  Mr. Bullock did not request disbursement for a notary public until the afternoon of December 29, 2004.  *See id.* at Exhibits 14-15.  At that

---

[8]   Mr. Bullock's appeal deadline was 30 days from November 30, 2004.  *See* Order Declining Jurisdiction and Dismissing Attempted Post-Conviction Appeal at p. 1, *Bullock v. State*, Case No. PC-2005-24 (Okla. Crim. App. Jan. 20, 2005).  That deadline would have fallen on December 30, 2004.

[9]   *See* Petitioner's Brief in Support, Exhibit 2.

time, the appellate deadline was only one day away.[10] *See supra* note 8. Finally, the Petitioner provides no evidence of receipt by the state appellate court on December 28, 2004, which was the day before he had sought notarization.

Mr. Bullock blames prison officials for a failure to timely provide a notary public for the pauper's affidavit. But the record reflects that the Petitioner had miscalculated his appellate deadline, did not seek a notary until one day before his appeal was due in state court, and did not make a final request for a pauper's affidavit until the deadline had already expired. Thus, the Petitioner has failed to demonstrate external impediments to the timely filing of his petition in error. *See Ervin v. Tansy*, 19 F.3d 33, 1994 WL 83249, Westlaw op. at 2 (10th Cir. Mar. 14, 1994) (unpublished op.) (rejecting the petitioner's claim that an appeal had been rendered untimely by prison officials' failure to provide a correct address when the postmark showed that the petitioner had waited until the due date to mail his pleadings); *Cole v. State*, 58 Fed. Appx. 825 (10th Cir. Feb. 6, 2003) (unpublished op.).[11]

---

[10]   Mr. Bullock's evidence reflects that the notary disbursement was approved the next morning. Petitioner's Reply at Exhibit 14. The Petitioner complains of delay in the notarization because the notary public had gone on vacation "without notice." Petitioner's Reply at pp. 9-10.

[11]   In *Cole v. State*, the habeas petitioner's procedural default involved the failure to file a timely *certiorari* petition in state court. *See Cole v. State*, 58 Fed. Appx. at 829. As "cause", the petitioner argued that he could not timely file the petition because his caseworker had been unavailable to notarize the signature. *See id.* at 828. The Tenth Circuit Court of Appeals rejected the argument, reasoning that "[t]he mere assertion that a particular caseworker was not available does not demonstrate that there were no other means available to [the petitioner] to file a timely certiorari petition." *Id.* at 830 (alternative holding).

For these reasons, the Court should reject Mr. Bullock's alleged "cause" for his procedural default.

IV.     A Fundamental Miscarriage of Justice

Mr. Bullock alleges actual innocence. Petitioner's Brief in Support, *passim*. But the Petitioner's evidence is insufficient to support the fundamental miscarriage of justice exception.

The probable cause affidavit contained an allegation that police had been called to the Oklahoma City probation and parole offices on suspicion that the Petitioner was "high". Probable Cause Affidavit (Jan. 25, 2002). Officers searched cars owned by Mr. Bullock and his friend, Steven Gilley. *See id.* The "Meth lab" equipment was found in Mr. Gilley's car. *See id.* Mr. Gilley claimed that the Petitioner had asked him to transport the equipment. *See id.*

Based on the probable cause affidavit, Mr. Bullock was charged with an offense involving joint action to "attempt[] to manufacture a quantity of methamphetamine . . . ." Amended Information at p. 1, *State v. Bullock*, Case No. CF-02-581 (Okla. Co. Dist. Ct. Oct. 11, 2002). The Petitioner ultimately pled guilty on this charge. Plea of Guilty and Summary of Facts at pp. 2, 4, *State v. Bullock*, Case No. CF-02-581 (Okla. Co. Dist. Ct. Mar. 28, 2003).

In support of his actual innocence claim, the Petitioner provides an "affidavit" under his own name and signed by Mr. Steven Gilley. Petitioner's Brief in Support, Exhibit 3. By

his signature, Mr. Gilley presumably agreed with the Petitioner's statement that "all of the above mentioned chemicals and meth lab equipment [had been] actually found in Steven Gilley[']s physical possession in his vehicle . . . ." *Id.*

Mr. Bullock was not charged with possession of the "meth lab" or chemicals, and he did not plead guilty to possession of those items. *See supra* pp. 1, 7. Instead, the Petitioner was found guilty of working with others to attempt to manufacture methamphetamine. *See id.* Mr. Bullock's "affidavit" does not address that crime or demonstrate his actual innocence. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999).

V.   Summary

The state appellate court refused to entertain Mr. Bullock's appeal because it was untimely, and this conclusion constituted an "independent" and "adequate" procedural bar under Oklahoma law. The Petitioner has not demonstrated "cause" or a fundamental miscarriage of justice to overcome the procedural default. In these circumstances, the Court should deny Mr. Bullock's petition.

**Notice of Right to Object**

The parties may seek review through an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is December 16, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also*

*Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## Status of the Referral

The referral to the undersigned is terminated.

Entered this 23rd day of November, 2005.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge